E-FILED
Wednesday, 03 June, 2017  12:46:37 PM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
COUNTY OF TAZEWELL

| | | |
|---|---|---|
| MICHELLE HAMANN, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | 17-MR-86 |
| v. | ) | |
| | ) | |
| WASHINGTON DISTRICT 50 SCHOOLS, | ) | **Jury Trial Requested** |
| an Illinois Municipal Corporation, and the | ) | |
| Board of Education of WASHINGTON DISTRICT | ) | |
| 50 SCHOOLS, and each and every member of the | ) | |
| Board of Education of WASHINGTON DISTRICT | ) | |
| 50 SCHOOLS, including specifically, | ) | |
| DAVID SHERWOOD, DAVID PRICE, GEORGE | ) | |
| GARCIA, JAMES WASHBURN, SR., | ) | |
| SAMANTHA ROBBINS, LETICIA PADILLA, | ) | |
| CARA WILSON and Dr. Chad Allaman, | ) | |
| Superintendent of WASHINGTON DISTRICT | ) | |
| SCHOOLS, | ) | |
| | ) | |
| Respondents/Defendants. | ) | |

**30 DAY SUMMONS**

To defendant:  Dr. Chad Allaman, Superintendent of Washington District 50 Schools
s/Redacted

You are summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Tazewell County Courthouse, 342 Court Street, Pekin, IL 61554, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF PRAYED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Plaintiff's Attorney: Dawn L. Wall
Address: 308 E. Washington Street
City: Bloomington, IL 60701
Telephone: (309) 828-4310
(Seal of Court)

Witness    May 3, 2017    , 2017

_Clerk of Court_

By _____ JY
Deputy

Date of Service _____
(To be inserted by officer on copy left with defendant or other person).

**EXHIBIT
A**

FILED
05/02/2017
TAZEWELL COUNTY CIRCUIT CLERK
TENTH JUDICIAL CIRCUIT OF ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
COUNTY OF TAZEWELL

| | | |
|---|---|---|
| MICHELLE HAMANN, | ) | 17- MR-86 |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | 17-MR-_____ |
| v. | ) | |
| | ) | |
| WASHINGTON DISTRICT 50 SCHOOLS, | ) | **Jury Trial Requested** |
| an Illinois Municipal Corporation, and the | ) | |
| Board of Education of WASHINGTON DISTRICT | ) | |
| 50 SCHOOLS, and each and every member of the | ) | |
| Board of Education of WASHINGTON DISTRICT | ) | |
| 50 SCHOOLS, including specifically, | ) | |
| DAVID SHERWOOD, DAVID PRICE, GEORGE | ) | |
| GARCIA, JAMES WASHBURN, SR., | ) | |
| SAMANTHA ROBBINS, LETICIA PADILLA, | ) | |
| CARA WILSON and Dr. Chad Allaman, | ) | |
| Superintendent of WASHINGTON DISTRICT | ) | |
| SCHOOLS, | ) | |
| | ) | |
| Respondents/Defendants. | ) | |

## PETITION FOR WRIT OF CERTIORARI & COMPLAINT-AT-LAW

NOW COMES the Petitioner/Plaintiff, MICHELLE HAMANN, (hereafter "Hamann")

by and through her attorneys, Costigan & Wollrab, P.C., and for her Petition for Writ of

Certiorari and Complaint-at-Law, against the Respondents/Defendants, WASHINGTON

DISTRICT 50 SCHOOLS, an Illinois Municipal Corporation, and the Board of Education of

WASHINGTON DISTRICT 50 SCHOOLS, and DAVID SHERWOOD, DAVID PRICE,

GEORGE GARCIA, JAMES WASHBURN, SR., SAMANTHA ROBBINS, LETICIA

PADILLA, CARA WILSON, individually and in their capacity as members of the Board of

Education of WASHINGTON DISTRICT 50 SCHOOLS, and Dr. Chad Allaman, individually

and in his capacity as the Superintendent of WASHINGTON DISTRICT 50 SCHOOLS,

(collectively referred to hereafter as "WASHINGTON DISTRICT 50 SCHOOLS") hereby states

as follows:

## GENERAL ALLEGATIONS

1. That the Petitioner/Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), is a resident of Bloomington, McLean County, Illinois.

2. That the Respondents/Defendants, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois Municipal Corporation, by and through its Board of Education (hereinafter referred to as "Washington District 50 Schools"), is a municipal corporation organized under the laws of the State of Illinois and situated in Washington, Tazewell County, Illinois.

3. That, from 2008 to March 29, 2017, Hamann was employed by Washington District 50 Schools as the secretary to its superintendent. At all times relevant to the causes of action set forth herein, the superintendent of Washington District 50 Schools was Dr. Chad Allaman.

4. That, as secretary to the superintendent, Hamann was tasked with filing and processing correspondence, placing and receiving telephone calls, maintaining office supplies, scheduling appointments for the superintendent and otherwise maintaining the superintendent's calendar, compiling enrollment data, drafting correspondence and reports dictated by the superintendent, maintaining sick and personal day records for the employees of Washington District 50 Schools, maintaining a seniority list of educators employed by Washington District 50 Schools, creating files for new employees, preparing meeting packets for meetings of the Board of Education of the Washington District 50 Schools, distributing mail, posting checks, arranging for the employment of substitute teachers, and generally handling any other duties assigned to her by Dr. Chad Allaman.

5. That, as secretary to the superintendent, Hamann was a "fixed-term employee"

and worked twelve (12) months per year.

6. That, as secretary to the superintendent, Hamann was not subject to a collective bargaining agreement and was not otherwise a member of a public employee or teachers' union.

7. That, during the 2016 to 2017 school year, Hamann earned a regular hourly wage of twenty-five dollars and 10/100 ($25.10) and an overtime rate of thirty-seven dollars and 65/100 ($37.65) per hour.

8. That, during the 2016 to 2017 school year, Hamann was further entitled to 72.03 hours of vacation time, thirty-five (35) sick days, and two (2) personal days.

9. That, throughout her employment at Washington District 50 Schools, Hamann was consistently rated as an "excellent" employee by the superintendent of Washington District 50 Schools in annual performance reviews. Hamann received such a rating by Dr. Chad Allaman on or about June 22, 2016.

10. That, throughout her employment at Washington District 50 Schools, Hamann consistently received annual increases in her salary.

11. That, in July 2016, Hamann advised Dr. Chad Allaman that she was experiencing serious personal health issues and notified Dr. Chad Allaman that she would be taking a leave of absence pursuant to the *Family and Medical Leave Act*, 29 U.S.C. 2601, *et seq.* (hereinafter referred to as "FMLA").

12. That Hamann returned to work from FMLA leave by August 2016.

13. That, in August 2016, while performing her official duties at John L. Hensey Elementary School, Hamann had occasion to observe a Washington District 50 Schools para-educator, Lorraine Antram, behaving erratically and unprofessionally in front of students and parents.

14.     That, upon returning to the Washington District 50 Schools' District Office, Hamann commented on another employee's erratic and unprofessional behavior to other Washington District 50 Schools personnel. Hamann ultimately made Dr. Chad Allaman aware of that other employee's conduct. The principal of John L. Hensey Elementary School, Josh Zaiser, was also aware of the other employee's erratic and unprofessional conduct.

15.     That, on or about January 11, 2017, Hamann was asked to participate in a conference with Dr. Chad Allaman and others, including a Washington District 50 Schools para-educator and union representative, and a Washington District 50 Schools employee and union representative.

16.     That, during the foregoing meeting, Hamann was made aware of the fact that another Washington District 50 Schools employee was making certain allegations against Hamann which allegedly occurred in August of 2016.

17.     That, during the meeting on January 11, 2017, Hamann denied the allegations asserted by the employee; and thereafter Hamann and the other employee reconciled any and all differences between them.

18.     That the foregoing meeting was precipitated by the union and constituted a quasi-grievance process.

19.     That, on or about February 1, 2017, Hamann met with Dr. Chad Allaman to advise him of her ongoing serious personal health related issues. During this meeting, Hamann further expressed regret over the fact that the January 11, 2017 meeting had occurred.

20.     That, following the meeting on February 1, 2017 and continuing to on or about February 8, 2017, Hamann continued performing her regular job duties as assigned for Washington District 50 Schools.

4

21.     That due to a recurrence of serious personal health related issues, Hamann advised Dr. Chad Allaman that she would be enacting her intermittent FMLA leave between February 13, 2017 and February 20, 2017.

22.     That, on or about February 19, 2017, while Hamann was on leave and off of work, Hamann posted a comment on a private Facebook group site, which site was entitled "F*#! Sensitivity." In her post, Hamann discussed the superintendent's decision to allow union representatives to question a non-union employee. Hamann further discussed the superintendent's decision to subject a non-union employee such as Hamann to the union grievance process and also noted that the superintendent was not properly adhering to the grievance process procedures. Hamann ultimately stated her belief that the superintendent's conduct violated a host of Federal, State, and local laws, including, but not limited to, the *Fair Labor Standards Act*, 29 U.S.C. 201, *et seq.*

23.     That Hamann returned to work from FMLA leave on or about February 27, 2017.

24.     That, upon returning to work, Dr. Chad Allaman asked to meet with Hamann. During said meeting, Dr. Chad Allaman asked Hamann probing questions about Hamann's health-related issues and her FMLA leave. Dr. Chad Allaman's questioning of Hamann was invasive and hostile. Josh Zaiser and Lori Prater also participated in the meeting and were present throughout Dr. Chad Allaman's invasive and hostile questioning.

25.     That, during the foregoing meeting, Dr. Chad Allaman informed Hamann that he intended to ask the Washington District 50 Schools Board of Education to terminate Hamann's employment at its meeting on March 6, 2017. Dr. Chad Allaman furnished Hamann with a "Loudermill Notice" during the meeting. A true and accurate copy of the "Loudermill Notice" that Hamann received on February 27, 2017 is attached hereto and incorporated herein as

5

"Exhibit A."

26. That, during the foregoing meeting, Hamann was specifically advised that Dr. Chad Allaman was recommending that Hamann be terminated as a result of her February 19, 2017 comment on Facebook and for allegedly confessing to Dr. Chad Allaman on February 1, 2017 that she had lied during her meeting with Dr. Chad Allaman and the other employees on January 11, 2017.

27. That, at the conclusion of the foregoing meeting on February 27, 2017, Dr. Chad Allaman placed Hamann on administrative leave without pay.

28. That the Washington District 50 Schools Board of Education ultimately held a pre-determination "Loudermill Hearing" regarding Hamann's employment on March 28, 2017. A true and accurate copy of the notice that Hamann received concerning the March 28, 2017 hearing is attached hereto and incorporated herein as "Exhibit B."

29. That, during the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education refused to allow Hamann to introduce a written verified statement responding to the allegations asserted against her by Dr. Chad Allaman. That the Washington District 50 Schools Board of Education also failed to provide Hamann with a copy of detailed findings of fact; and failed to afford Hamann any due process at the hearing.

30. That, at the conclusion of the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education adopted a resolution allegedly terminating Hamann's employment.

31. That the Washington District 50 Schools Board of Education never afforded Hamann a post-determination evidentiary hearing.

32. That on March 29, 2017, Dr. Chad Allaman mailed a copy of a letter to Hamann

6

advising her that the School Board had terminated her employment. A copy of the letter is attached hereto and incorporated herein as Exhibit "C".

### COUNT I – PETITION FOR WRIT OF CERTIORARI

NOW COMES the Petitioner, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Petition for Writ of Certiorari, states as follows:

1-32. That Hamann re-asserts and re-alleges paragraphs one (1) through thirty-two (32) of the "General Allegations," above, as if fully set forth below.

33. That, pursuant to Sections 3-101 and 3-103 of the *Illinois Administrative Review Act*, the decisions of Schools Boards are reviewable by the Circuit Courts of the State of Illinois within thirty-five (35) days of said decision.

34. That a public employee who can only be discharged for cause has a constitutionally-protected property interest in his or her tenure and cannot be terminated without due process.

35. That, pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 523 (1985), a public employee dismissible only for cause is entitled to a limited hearing prior to his or her termination, to be followed by a more comprehensive post-termination hearing. The pre-termination hearing must include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his or her side of the story.

36. That Hamann had a term of employment with Washington District 50 Schools and thus a protected property interest in her tenure.

37. That Washington District 50 Schools recognized Hamann's protected property interest in her tenure by providing her with a "Loudermill Notice" and a scheduled "Loudermill

Hearing."

38. That, during the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education refused to allow Hamann to respond to the allegations being leveled against her.

39. That, during the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education failed to provide Hamann with copies of its evidentiary findings.

40. That the Washington District 50 Schools Board of Education has never afforded Hamann a comprehensive post-termination hearing.

41. That Hamann prays that this Court reverse the decision of the Washington District 50 Schools Board of Education for the following reasons:

    a. That the decision is contrary to the laws of the State of Illinois; and

    b. That the "Loudermill Hearing" was conducted in violation of Hamann's State and Federal Due Process Rights;

    c. For such other and further reasons as deemed reasonable and proper in light of the evidence elicited hereinafter.

WHEREFORE, the Petitioner/Plaintiff, MICHELLE HAMANN, prays that this Honorable Court order a summons to issue in due form, directed at the Respondents/Defendants, WASHINGTON DISTRICT 50 SCHOOLS, and each individual defendant, directing and commanding each of the named Respondents to certify and bring the record of proceedings of the Respondent, Board of Education of WASHINGTON DISTRICT 50 SCHOOLS, before this Honorable Court and further prays that:

    a. The decision of WASHINGTON DISTRICT 50 SCHOOLS, and the decision of each individually named defendant, be voided, cancelled, reversed or otherwise set aside;

8

b.     The Plaintiff/Petitioner be re-instated in her position and awarded back-pay and all employee benefits;

c.     If no comparable position is available, that the Petitioner receive an award of front pay and all prospective lost benefits;

d.     The Petitioner be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees and costs; and

e.     The Petitioner be awarded any and all further relief that this Honorable Court deems equitable and just.

## COUNT II – 42 U.S.C. § 1983 – VIOLATION OF FREEDOM OF SPEECH

NOW COMES the Petitioner/Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Respondent/Defendant, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois municipal corporation, by and through its Board of Education and each individually named defendant, (hereinafter referred to as "Washington District 50 Schools"), for violation of her First Amendment Right to Freedom of Speech, states as follows:

1-32.    That Hamann re-asserts and re-alleges paragraphs one (1) through thirty-two (32) of the "General Allegations," above, as if fully set forth below.

33.    That Hamann's post on the private Facebook group site "F*#! Sensitivity" voiced objection to the manner in which the public union grievance process was being conducted in Washington District 50 Schools, which is a matter of public concern.

34.    That Dr. Chad Allaman's decision to place Hamann on unpaid, administrative leave was done in retaliation for Hamann exercising her First Amendment rights in objecting to the manner in which the public union grievance process was being conducted in Washington

9

District 50 Schools.

35. That the decision of the Washington District 50 Schools Board of Education to terminate Hamann was done in retaliation for Hamann exercising her First Amendment rights in objecting to the manner in which the public union grievance process was being conducted in Washington District 50 Schools.

36. That, as a result of the foregoing violations of Hamann's constitutional rights, she sustained damages and was injured.

WHEREFORE, the Plaintiff, MICHELLE HAMANN, respectfully prays that this Honorable Court enter an order granting the Plaintiff the following:

a. The Plaintiff be re-instated in her position and awarded back-pay and all employee benefits;

b. If no comparable position is available, that the Plaintiff receive an award of front pay and all prospective lost benefits;

c. The Plaintiff be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees and costs; and

d. The Plaintiff be awarded any and all further relief that this Honorable Court deems equitable and just.

## COUNT III – ARTICLE I, ILLINOIS STATE CONSTITUTION – VIOLATION OF FREEDOM OF SPEECH

NOW COMES the Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Respondents/Defendants, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois municipal corporation, by and through its Board of Education and each individually named defendant, (hereinafter referred to as "Washington District 50 Schools"), for violation of her

10

Illinois State Constitutional Right to Freedom of Speech, states as follows:

1-36.   That Hamann re-asserts and re-alleges paragraphs one (1) through thirty-six (36) of Count II, above, as if fully set forth below.

WHEREFORE, the Plaintiff, MICHELLE HAMANN, respectfully prays that this Honorable Court enter an order granting the Plaintiff the following:

a.   The Plaintiff be re-instated in her position and awarded back-pay and all employee benefits;

b.   If no comparable position is available, that the Plaintiff receive an award of front pay and all prospective lost benefits;

c.   The Plaintiff be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees and costs; and

d.   The Plaintiff be awarded any and all further relief that this Honorable Court deems equitable and just.

## COUNT IV – FOURTEENTH AMENDMENT – DEPRIVATION OF PROPERTY RIGHTS

NOW COMES the Petioner/Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Respondents/Defendants, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois municipal corporation, by and through its Board of Education and the individual defendants, (hereinafter referred to as "Washington District 50 Schools"), for violation of her property rights in her employment, states as follows:

1-32.   That Hamann re-asserts and re-alleges paragraphs one (1) through thirty-two (32) of the "General Allegations," above, as if fully set forth below.

33.   That the Fourteenth Amendment's Substantive Due Process Clause safeguards an

11

individual's property right in his or her employment.

34.    That a property interest in employment must spring from a legitimate claim of entitlement to it under State law.

35.    That Hamann had a term of employment with Washington District 50 Schools and thus a protected property interest in her tenure.

36.    That Washington District 50 Schools recognized Hamann's protected property interest in her tenure by providing her with a "Loudermill Notice" and "Loudermill Hearing."

37.    That, pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 523 (1985), a public employee dismissible only for cause is entitled to a limited hearing prior to his or her termination, to be followed by a more comprehensive post-termination hearing. The pre-termination hearing must include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his or her side of the story.

38.    That, during the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education refused to allow Hamann to respond to the allegations being leveled against her.

39.    That, during the March 28, 2017 "Loudermill Hearing," the Washington District 50 Schools Board of Education failed to issue evidentiary findings.

40.    That the Washington District 50 Schools Board of Education has never afforded Hamann a comprehensive post-termination hearing.

41.    That Washington District 50 Schools accordingly violated Hamann's property interests in her employment as defined by the Fourteenth Amendment's guarantee of Substantive Due Process.

WHEREFORE, the Petitioner/Plaintiff, MICHELLE HAMANN, respectfully prays that

12

this Honorable Court enter an order granting the Plaintiff the following:

a.     The Plaintiff be re-instated in her position and awarded back-pay and all employee benefits;

b.     If no comparable position is available, that the Plaintiff receive an award of front pay and all prospective lost benefits;

c.     The Plaintiff be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees and costs; and

d.     The Plaintiff be awarded any and all further relief that this Honorable Court deems equitable and just.

## COUNT V - ARTICLE I, ILLINOIS STATE CONSTITUTION – DEPRIVATION OF PROPERTY RIGHTS

NOW COMES the Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois municipal corporation, by and through its Board of Education and the individual defendants, (hereinafter referred to as "Washington District 50 Schools"), for violation of her property rights in her employment, states as follows:

1-41.    That Hamann re-asserts and re-alleges paragraphs one (1) through forty-one (41) of Count V, above, as if fully set forth below.

WHEREFORE, the Petitioner/Plaintiff, MICHELLE HAMANN, respectfully prays that this Honorable Court enter an order granting the Plaintiff the following:

a.     The Plaintiff be re-instated in her position and awarded back-pay and all employee benefits;

b.     If no comparable position is available, that the Plaintiff receive an award of front

13

pay and all prospective lost benefits;

c. The Plaintiff be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees and costs; and

d. The Plaintiff be awarded any and all further relief that this Honorable Court deems equitable and just.

## COUNT VI – FMLA RETALIATION

NOW COMES the Plaintiff, MICHELLE HAMANN (hereinafter referred to as "Hamann"), by and through her attorneys, Costigan & Wollrab, P.C., and for her Complaint against the Defendant, WASHINGTON DISTRICT 50 SCHOOLS, an Illinois municipal corporation, by and through its Board of Education and the individual defendants, (hereinafter referred to as "Washington District 50 Schools"), for unlawful retaliation under the *Family and Medical Leave Act*, states as follows:

1-32. That Hamann re-asserts and re-alleges paragraphs one (1) through thirty-two (32) of the "General Allegations," above, as if fully set forth below.

33. That, at all times relevant, there was in existence a law of the United States known as FMLA, 29 U.S.C. 2601, *et seq.* and the purpose of said law was to entitle employees to take reasonable leave for illness with job restoration upon return.

34. That Hamann had been employed by Washington District 50 Schools as a secretary to the superintendent for a significant time prior to her termination on or about March 29, 2017 and was an eligible employee under the FMLA.

35. That, at all times relevant, Washington District 50 Schools employed more than fifty (50) persons for each working day during each of twenty (20) or more calendar work weeks during the 2016 to 2017 school year and was engaged in an activity affecting commerce.

14

36. That, at all times relevant, Dr. Chad Allaman was Hamann's supervisor.

37. That, at all times relevant, Hamann had been employed for at least twelve (12) months by Washington District 50 Schools and had at least one thousand two hundred fifty (1,250) hours of service with such employer during the previous twelve (12)-month period.

38. That, at all times relevant, Washington District 50 Schools, by and through its agents including, but not limited to, Dr. Chad Allaman, had a duty to abide by the provisions of the FMLA and not to retaliate against Hamann for exercising her rights under the FMLA.

39. That Washington District 50 Schools is guilty of the following acts:

a. Terminating Hamann in retaliation for her utilizing intermittent FMLA leave from February 13, 2017 to February 27, 2017;

b. Terminating Hamann in violation of the FMLA when it knew or should have known that Hamann required and was eligible for FMLA leave;

c. Refusing to consider Hamann for rehire or reinstatement at any time when it was aware of Hamann's unlawful termination in violation of the FMLA; and

d. Otherwise violating Hamann's rights to medical leave, reinstatement, and benefits in violation of the FMLA.

40. That Washington District 50 Schools' wrongful acts, by and through its agents including, but not limited to, Dr. Chad Allaman, was deliberate, intentional, willful, wanton, and malicious and in total disregard to Hamann's rights under the FMLA.

WHEREFORE, the Petitioner/Plaintiff, MICHELLE HAMANN, respectfully prays that this Honorable Court enter an order granting the Plaintiff the following:

a. The Plaintiff be re-instated in her position and awarded back-pay and all employee benefits;

b. If no comparable position is available, that the Plaintiff receive an award of front pay and all prospective lost benefits;

c. The Plaintiff be granted compensatory damages and other damages proximately caused by Respondent, including attorney's fees, prejudgment interest, and costs; and

d. The Plaintiff be awarded any and all further relief that this Honorable Court deems equitable and just.

PETITIONER/PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
MICHELLE HAMANN, Petitioner/Plaintiff,

By: /s/ Dawn L. Wall
Ms. Dawn L. Wall, Bar No.: 6196948
Costigan & Wollrab, P.C.
308 E. Washington Street
Bloomington, Illinois 61701
Phone: (309) 828-4310
dwall@cwlawoffice.com

17-MR-86

# EXHIBIT "A"

## DISTRICT 50 SCHOOLS

304 EAST ALMOND DRIVE   WASHINGTON, ILLINOIS 61571-3199

| | |
|---|---|
| Chad Allaman, Ed.D., Superintendent | 309/745-8914 |
| District Office Fax | 309/745-5417 |
| Josh Zaiser, John L. Hensey Principal | 309/745-3625 |
| John L. Hensey Fax | 309/745-3213 |
| Cathy Trimble, Beverly Manor Principal | 309/745-3921 |
| Beverly Manor Fax | 309/745-1305 |

**BOARD OF EDUCATION**

David Sherwood, President
David Price, Vice President
James Washburn Sr., Secretary
Leticia Padilla
George Garcia
Samantha Robbins
Cara Wilson

### LOUDERMILL NOTICE

February 27, 2017

### HAND DELIVERED AND VIA CERTIFIED AND REGULAR U.S MAIL

Mrs. Michelle Hamann
s/Redacted

Dear Mrs. Hamann:

Please be advised that a meeting of the Board of Education for Washington District 50 Schools, County of Tazewell, State of Illinois, is scheduled to be held on March 6, 2017 at 6:30 p.m. in the Library at John L. Hensey School (304 East Almond Drive, Washington, IL 61571). At that meeting, I will recommend that the Board of Education discharge you from your employment with the School District based upon the following charges:

### NOTICE OF CHARGES

The following are the specific charges which I will recommend to the Board as sufficient reasons and causes for your dismissal from employment with this School District:

1.  **Inappropriate and Unprofessional Conduct**: In your public Facebook post dated February 19, 2017, management believes you engaged in inappropriate and unprofessional conduct because the tone and content of your speech is intended to impair discipline by superiors and disrupt harmony among co-workers. Furthermore, management believes you spoke as an employee and not a citizen concerning a matter that is not of public concern. In addition, management believes your speech is not a matter of public concern because it is basically a rant against the superintendent, your co-workers and the union telling them not to mess with you. Even if it were a matter of public concern, management believes the tone and content of your speech has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, because it is insubordinate and disrespectful toward the superintendent, who is your immediate supervisor, and disrespectful to your co-workers. Your conduct

Hamman Loudermill Notice Page 2 of 3

described herein violated District 50 Schools Policy 5:120 (Ethics and Conduct); District 50 Schools Policy 5:125 (Personal Technology and Social Media; Usage and Conduct); and District 50 Schools Policy 5:130 (Responsibilities Concerning Internal Information).

2.  **Providing False Information During a District Investigation**

On or about January 5, 2017, Loraine Antram (a non-certified employee) reported to the superintendent that a non-certified employee informed her on the day before Christmas break (December 20, 2016) that earlier in the school year Michelle Hamann (Central Office Secretary) entered the John L. Hensey School Office and stated, "Mrs. Antram is out there crying in front of parents and I would like to punch her in the face." The superintendent asked Mrs. Antram if she had spoken with Mrs. Hamann about the allegations and Mrs. Antram said she did not feel comfortable doing so. The superintendent explained his expectation that Mrs. Antram needed to first meet with Mrs. Hamman and if she did not feel comfortable doing so, she could bring a witness and that the superintendent would be happy to serve as moderator at the meeting.

On or about January 11, 2017, a meeting was held in the superintendent's office where Lorraine Antram addressed the allegations listed above with Michelle Hamann. Also present at the meeting were Lori Prater (a union representative) and the superintendent. Mrs. Hamann denied the allegations were true and, after talking for some time, the meeting ended amicably with both parties hugging one another. No formal grievance was filed by the Union. Because the matter was settled amicably, no further investigation was needed and no discipline was administered. The superintendent did not even discuss the meeting with Mrs. Hamann afterward because both parties expressed they were satisfied the matter was resolved.

On or about February 1, 2017, Michelle Hamann asked to meet with the superintendent in his office. She was clearly upset and cried during the meeting. She shared that she was stressed out concerning two matters at home AND she shared she felt terribly guilty because she lied in the meeting with Mrs. Antram and that she actually did say what the staff member reported to Mrs. Antram that she heard Mrs. Hamann say about her in the building office.

Pursuant to Board Policy 5:290, you may be present at the Board meeting noted above with a representative of your choosing to respond to the charges described herein and to submit at that time any evidence that you may have in oral or written form to refute these charges. Such a meeting with the Board will be in closed session. You will need to notify me in advance of the Board meeting by 8 a.m. on **March 6, 2017** if you plan to meet with the Board in closed session.

Hamman Loudermill Notice Page 3 of 3

If you wish to submit your letter of resignation to the District prior to the scheduled hearing, you may do so by 8 a.m. on March 6, 2017.

If you have any questions regarding this meeting, you may contact me or call our attorneys, Miller, Hall, & Triggs, LLC, Jay Greening, (309)-671-9600.

Sincerely,

s/Chad Allaman

Chad Allaman, Superintendent

cc:     Legal Counsel

I received a copy of the above notice by personal delivery on February 27, 2017.

s/Michelle Hamann

Michelle Hamann

# EXHIBIT "B"

1:17-cv-01253-JBM-JEH # 1-2 Page 22 of 27 Filed 06/05/17 Page 22 of 27

**DISTRICT 50 SCHOOLS**
301 EAST ALMOND DRIVE   WASHINGTON, ILLINOIS 61571-3199

BOARD OF EDUCATION

David Sherwood, President
David Price, Vice President

| Chad Allaman, Ed.D., Superintendent | 309/745-8974 |
| District Office Fax | 309/745-5417 |
| Josh Zaiser, John L. Hensey Principal | 309/745-3625 |
| John L. Hensey Fax | 309/745-3213 |
| Cathy Trimble, Beverly Manor Principal | 309/745-3921 |
| Beverly Manor Fax | 309/745-1305 |

James Washburn Sr., Secretary
Leticia Padilla
George Garcia
Samantha Robbins
Cara Wilson

## LOUDERMILL NOTICE

March 20, 2017

### VIA EMAIL AND VIA CERTIFIED AND REGULAR U.S MAIL

Mrs. Michelle Hamann

s/Redacted

Dear Mrs. Hamann:

Please be advised that a special meeting of the Board of Education for Washington District 50 Schools, County of Tazewell, State of Illinois, is scheduled to be held on Tuesday, March 28, 2017 at 5:30 p.m. in the Library at John L. Hensey School (304 East Almond Drive, Washington, IL 61571). At that meeting, I will recommend that the Board of Education discharge you from your employment with the School District based upon the following charges:

### NOTICE OF CHARGES

The following are the specific charges which I will recommend to the Board as sufficient reasons and causes for your dismissal from employment with this School District:

1.  **Inappropriate and Unprofessional Conduct:** In your public Facebook post dated February 19, 2017, management believes you engaged in inappropriate and unprofessional conduct because the tone and content of your speech is intended to impair discipline by superiors and disrupt harmony among co-workers. Furthermore, management believes you spoke as an employee and not a citizen concerning a matter that is not of public concern. In addition, management believes your speech is not a matter of public concern because it is basically a rant against the superintendent, your co-workers and the union telling them not to mess with you. Even if it were a matter of public concern, management believes the tone and content of your speech has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary because it is insubordinate and disrespectful toward the superintendent, who is your immediate supervisor, and disrespectful to your co-workers. Your conduct described herein violated District 50 Schools Policy 5:120 (Ethics and Conduct); District 50

Schools Policy 5:125 (Personal Technology and Social Media; Usage and Conduct); and District 50 Schools Policy 5:130 (Responsibilities Concerning Internal Information).

2. <u>Providing False Information During a District Investigation</u>

On or about January 5, 2017, Loraine Antram (a non-certified employee) reported to the superintendent that a non-certified employee informed her on the day before Christmas break (December 20, 2016) that earlier in the school year Michelle Hamann (Central Office Secretary) entered the John L. Hensey School Office and stated, "Mrs. Antram is out there crying in front of parents and I would like to punch her in the face." The superintendent asked Mrs. Antram if she had spoken with Mrs. Hamann about the allegations and Mrs. Antram said she did not feel comfortable doing so. The superintendent explained his expectation that Mrs. Antram needed to first meet with Mrs. Hamman and if she did not feel comfortable doing so, she could bring a witness and that the superintendent would be happy to serve as moderator at the meeting.

On or about January 11, 2017, a meeting was held in the superintendent's office where Lorraine Antram addressed the allegations listed above with Michelle Hamann. Also present at the meeting were Lori Prater (a union representative) and the superintendent. Mrs. Hamann denied the allegations were true and, after talking for some time, the meeting ended amicably with both parties hugging one another. No formal grievance was filed by the Union. Because the matter was settled amicably, no further investigation was needed and no discipline was administered. The superintendent did not even discuss the meeting with Mrs. Hamann afterward because both parties expressed they were satisfied the matter was resolved.

On or about February 1, 2017, Michelle Hamann asked to meet with the superintendent in his office. She was clearly upset and cried during the meeting. She shared that she was stressed out concerning two matters at home AND she shared she felt terribly guilty because she lied in the meeting with Mrs. Antram and that she actually did say what the staff member reported to Mrs. Antram that she heard Mrs. Hamann say about her in the building office.

The District has decided to afford you a hearing prior to making any determination on the termination of your employment. In doing so, the Board of Education and administration is not conceding that you have a contract right to employment or waiving the district's position that you do not have a contract. On the contrary, the purpose of the hearing is to afford you an opportunity to refute the allegations against you and to present information to the board as to why you should not be terminated. Accordingly, the matter pertaining to you which is on the agenda for Tuesday's regular March board meeting will be passed without further action. Pursuant to Board Policy 5:290, you may be present at the March 28, 2017 special meeting noted above and bring legal counsel at your expense. Such a meeting with the Board will be in closed session. In the meantime, you will remain on unpaid leave of absence.

If you have any questions regarding this meeting, you may contact me or call our attorneys. Miller, Hall, & Triggs, LLC, Jay Greening, (309)-671-9600

Sincerely,

s/Chad Allaman

Chad Allaman, Superintendent

cc:     Legal Counsel

# EXHIBIT "C"

# DISTRICT 50 SCHOOLS
304 EAST ALMOND DRIVE    WASHINGTON, ILLINOIS  61571-3199

| | | BOARD OF EDUCATION |
|---|---|---|
| Chad Allaman, Ed.D., Superintendent | 309/745-8914 | David Sherwood, President |
| District Office Fax | 309/745-5417 | David Price, Vice President |
| Josh Zaiser, John L. Hensey Principal | 309/745-3625 | James Washburn Sr., Secretary |
| John L. Hensey Fax | 309/745-3213 | Leticia Padilla |
| Cathy Trimble, Beverly Manor Principal | 309/745-3921 | George Garcia |
| Beverly Manor Fax | 309/745-1305 | Samantha Robbins |
| | | Cara Wilson |

March 29, 2017

Ms. Michelle Hamann
PO Box 486
Bloomington, IL 61702

Dear Ms. Hamann:

Please be advised that at a duly convened meeting of the Board of Education of District 50 Schools, held on March 28, 2017, a Resolution was adopted by said Board of Education authorizing and effectuating your dismissal as an employee in and for said District for the reasons previously made known to you in correspondence from the Superintendent and your meetings with the Superintendent and the Board of Education; said dismissal to be effective immediately.

Be further advised that you may contact me by phone at (309)745-8914 or email at callaman@d50schools.com to schedule a date and time to pick up your personal effects. In lieu of visiting the school, you may instead request that your personal effects be packed and shipped to your home or postal address. You may schedule your retrieval date and time any Monday through Thursday, between 4:00 p.m. and 5:00 p.m., when school is scheduled to be in session (This time frame falls after student dismissal and after the teacher work day has ended).

Upon your arrival at John L. Hensey School you must report immediately and directly to the building office and register. You are then to be accompanied throughout the building by a district staff person (who will assist you in carrying your personal effects if needed), and you must adhere to all rules and policies of the school district without exception.

Sincerely,

s/Chad Allaman

Chad Allaman
Superintendent

cc:    Personnel File